STATE OF DELAWARE v. JAMES F. CAMPBELL and DOMINICK DEROGATIS.

*(April 26, 1963.)*

CHRISTIE, J., sitting.

*Joseph J. Longobardi, Jr.,* and *Kenneth W. Lewis,* Deputy Attorneys-General, for the State.

*Robert C. O'Hora* for the defendants.

Superior Court for New Castle County, Criminal Action, 1961.

CHRISTIE, J.:

The defendants, James F. Campbell and Dominick Derogatis, were arrested on December 30, 1960, and charged with receiving and recording bets on horse races. Defendants were tried in the Municipal Court of Wilmington on January 31, 1961, and adjudged guilty. A Judge of the Municipal Court sentenced each defendant by imposing a fine of $100.00 and costs and imprisonment for 30 days.

Defendants appealed and the State filed a motion to dismiss the appeals contending that this Court has no jurisdiction to entertain such appeals.

The jurisdiction of the Superior Court to entertain appeals in cases of this nature is governed by the following constitutional provision:

"* * * there shall be an appeal to the Superior Court in all cases in which the sentence shall be imprisonment exceeding one (1) month, or a fine exceeding One Hundred Dollars ($100.00)." (Article IV, Section 28, Constitution of the State of Delaware, *Del. C.*).

By its motion the State questions a long established and heretofore unchallenged statutory interpretation whereby such sentences have been regarded as subject to appeal. I find no reported Delaware case wherein the point has been discussed.

It is agreed that a sentence of thirty days imprisonment is a sentence of one month for purposes of interpretation of the pertinent provision of the constitution. Thus, a sentence

involving a fine in an amount of more than $100.00 *or* imprisonment for a period of more than 30 days would be appealable under the constitutional provision cited above.

Here, however, neither the fine nor the imprisonment standing alone would be subject to an appeal since each falls just short of the constitutional requirement. Did those who framed our constitution intend that a sentence including the specified limit as to both types of punishment would not carry with it a right of appeal? Does a sentence exceed thirty days if a fine is added? May one accumulate "credits" toward one test for appeal and apply them toward another test or is each test independent? Are we being asked to say that one who is 99% qualified for an appeal on one test be deemed to be qualified because he is also 99% qualified on another test? As a matter of logic the two sides of these questions may be debated with almost equal persuasiveness.

The debates of the constitutional convention show that the framers did not address themselves to the issue at bar. They were concerned about the possibility that excessive sentences may be imposed in the trial courts and they were eager to make the right of an appeal a constitutional right. *Debates and Proceedings of the Constitutional Convention of the State of Delaware* (published in 1958) pp. 1792, 1795.

It has been observed the constitutional provision permitting appeals was inserted for the express purpose of allowing a review of any case where the Judge below had imposed what might be considered an immoderate sentence or when the offense might not be commensurate with the penalty imposed. *State v. Stevens,* 3 W. W. Harr. 479, 139 A. 78 (Ct. of Gen. Sessions, 1927). In the above stated basic purpose of the constitutional provision may be found the key to the reasonable interpretation of the provision.

As a matter of statutory construction, provisions of criminal statutes designed to protect or grant rights to

those accused of crimes should be liberally construed in favor of those they are designed to protect. Any limitation on a right to appeal may find arbitrary application because anyone receiving a sentence just below the appealable limit has in fact received an unappealable sentence substantially similar to another sentence which if imposed would have been appealable. However, if there is any doubt as to the proper interpretation of a statute limiting a right of appeal, the doubt should be resolved in favor of the accused.

Where human rights are involved and two grievances each of which fall just short of legal significance meet, the potential injustice is bound to be greater than that which might result from either of the separate components standing alone. This is so no matter how the components may differ one from the other in their nature or in their separate importance. One sentenced to a $100.00 fine and 30 days imprisonment is more likely to have a legitimate complaint than one receiving a fine of $101.00 standing alone because by any reasonable standard he has received a greater sentence.

I hold that a sentence of 30 days imprisonment coupled with any fine is a sentence of imprisonment exceeding one month within the meaning of the constitutional limitation on appeals because the defendant is required to do more than serve a month in prison. Likewise, a fine of $100.00 and costs coupled with any prison term is a sentence of a fine exceeding $100.00 within the meaning of the constitutional limitation since defendant must do more than pay such fine and costs. This I find to be a literal interpretation of the constitutional provision and this I believed to be the intent thereof.

The motion to dismiss the appeals is denied.