**James Franklin MARKER, Defendant Below, Appellant,**

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted June 15, 1982.

Decided Sept. 7, 1982.

Karl Haller, Asst. Public Defender, Georgetown, for appellant.

John M. Sandy, Deputy Atty. Gen., Georgetown, and Catherine S. Mulholland, Deputy Atty. Gen., Dover, for appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

HORSEY, Justice:

This appeal requires construction of *Del. Const.*, Art. IV, § 11(1)(b) to determine this Court's jurisdiction to receive a criminal appeal from a Superior Court judgment of conviction for multiple misdemeanor offenses involving borderline jurisdictional amounts and terms of imprisonment.

Defendant was tried by Superior Court and convicted of Assault in the Third Degree, 11 *Del.C.* § 611; Resisting Arrest, 11 *Del.C.* § 1257; and Clamming in a Contaminated Area, 7 *Del.C.* § 2403. Defendant was fined $100 and given a 30-day suspended jail sentence for the assault conviction; for resisting arrest he was fined $100; and for the clamming violation, defendant was fined $25.

Upon defendant's docketing of this appeal, the State moved to dismiss on the ground that the penalties imposed by the Superior Court failed to meet this Court's jurisdictional requirements for criminal appeals. *Del.Const.*, Art. IV, § 11(1)(b). We agree for the reasons set forth below.

"The right to review by this Court exists only when and to the extent provided in the Constitution and the laws of this State." *McCoy v. State,* Del.Supr., 217 A.2d 496, 497 (1966); *Shoemaker v. State,* Del.Supr., 375 A.2d 431 (1977). This Court's criminal appeal jurisdiction is constitutionally limited to "appeals from Superior Court in criminal causes upon application of the accused in all cases in which the sentence shall be death, *imprisonment exceeding one month or fine exceeding One Hundred Dollars,* and in such other cases as shall be provided by law . . . ." *Del.Const.,* Art. IV, § 11(1)(b) (emphasis added).

Defendant concedes that the clamming violation with its $25 fine is not appealable, but he asserts that the other two penalties imposed are sufficient to sustain this Court's jurisdiction.

Although the fine imposed for resisting arrest is, as defendant notes, "on the borderline" of this Court's jurisdictional limits, we find no appeal to lie under Article IV, § 11(1)(b) from the sentence for resisting arrest.

■ When construing the Constitution, "effect [should] be given, if possible, to the whole Constitution and to *every word thereof."* *Opinion of the Justices,* Del. Supr., 225 A.2d 481, 484 (1966) (emphasis added); *State v. Roberts,* Del.Supr., 282 A.2d 603 (1971); *Opinion of the Justices,* Del.Supr., 330 A.2d 764 (1974). To allow appeal of this fine would require us to ignore the words "in excess" which precede "One Hundred Dollars" in Article IV, § 11(1)(b). Defendant's "borderline" argument, therefore, is rejected. *Opinion of the Justices,* Del.Supr., 225 A.2d 481 (1966); *State v. Roberts, supra.*

■ Article IV, § 11(1)(b) does not confer jurisdiction as defendant was not fined in excess of $100 for resisting arrest. *McCoy v. State, supra; Szucs v. State,* Del.

Supr., 284 A.2d 291 (1971). Therefore, defendant's appeal as it relates to the convictions for resisting arrest and clamming in a contaminated area is dismissed for lack of jurisdiction.[1]

Turning to the assault conviction, defendant argues that the $100 fine coupled with the 30-day suspended sentence constitutes both "a fine exceeding $100" and "imprisonment exceeding one month." However, we conclude that neither the $100 fine nor the 30-day suspended jail sentence imposed by Superior Court alone suffices to confer jurisdiction on this Court. The fine does not exceed $100 and the 30-day prison term does not exceed one month as required by Article IV, § 11(1)(b).[2]

Constitutional phrases must, if possible, be given their ordinary or plain meaning. *See, Opinion of the Justices,* Del. Supr., 225 A.2d 481 (1966); *Slawik v. Folsom,* Del.Supr., 410 A.2d 512 (1979); *see also, Balma v. Tidewater Oil Co.,* Del.Supr., 214 A.2d 560 (1965); *Sturgill v. M & M, Inc.,* Del.Supr., 329 A.2d 360 (1974); 16 Am. Jur.2d, *Constitutional Law,* § 85 (1979). The courts have discretion to construe the language of the Constitution only when it is in some way obscure or doubtful in its meaning. *Opinion of the Justices,* Del. Supr., 290 A.2d 645 (1972). Conversely, where the language is clear and unequivocal, the Constitution must be held to mean that which it plainly states, there being no room for construction by the courts. *Id.* We find no ambiguity in Article IV, § 11(1)(b) as quoted *infra.* Therefore, the words found therein must be given the meaning ordinarily ascribed to them. *Opinion of the Justices,* Del.Supr., 290 A.2d 645 (1972).

*Webster's New Collegiate Dictionary* (1977) defines "fine" as "a *sum* imposed as punishment for an offense" (emphasis added); "sum" is defined by the same dictionary as "an indefinite or specified amount of money." It follows that no prison term, regardless of its length, increases a fine (sum, specified amount of money) of $100 to a fine *exceeding* $100. "Imprison" is defined by *Webster* as "to put in or as if in prison: CONFINE...." Accordingly, no fine, regardless of its amount, increases a term of imprisonment (confinement) of one month to a term of imprisonment *exceeding* one month. Conclusions to the contrary require an unwarranted expansion of the language of Article IV, § 11(1)(b).[3]

In summary, we hold that the constitutional limitation upon this Court's jurisdiction over criminal appeals from Superior Court, apart from sentence of death, requires in cases of multiple convictions or multiple penalties for a conviction: that the penalties for each conviction be *either* for a term of imprisonment exceeding one month (or 30 days) *or* a fine exceeding $100. Each test under § 11(1)(b) of Article IV is independent of the other; and a convicted defendant may not aggregate penalties for purposes of meeting the jurisdictional requirement.

1. We also note that although the Constitution "empowers the Legislature to allow appeals in criminal cases where the sentence is less than that set forth in Article IV ...", *McCoy v. State, supra,* at 497, the Legislature has not decreased the jurisdictional limit for appeals taken from convictions of resisting arrest or clamming in a contaminated area. Therefore, no statutory basis for appeal exists as to these convictions.

2. A sentence of 30 days' imprisonment is a sentence of one month for the purposes of interpreting Article IV, § 11(1)(b).

3. Superior Court reached a contrary conclusion in *State v. Campbell,* Del.Super., 190 A.2d 610 (1963). The case involved Superior Court's jurisdiction to entertain criminal appeals pursuant to Article IV, § 28, a provision virtually identical to Article IV, § 11(1)(b).

Superior Court erred in *Campbell* by failing to determine whether the language of Article IV, § 28 was ambiguous and, therefore, in need of construction before it turned to legislative history to interpret the statutory language. Resort to constitutional history or construction is not appropriate where the language of the Constitution is clear and unequivocal. *Opinion of the Justices,* Del.Supr., 290 A.2d 645 (1972). Article IV, § 28, like Article IV, § 11(1)(b), is plain on its face and its literal meaning should have been applied. *State v. Campbell* is hereby overruled.

In this case, defendant was convicted of assault, for which he was fined $100 and given a 30-day suspended prison term. Since none of the applicable threshold requirements have been satisfied, Article IV, § 11(1)(b) does not confer jurisdiction upon this Court to entertain defendant's appeal of his assault conviction.[4]

\*     \*     \*

Appeal dismissed as to all misdemeanor convictions.

---

**4.** As noted in footnote 1, the Legislature has taken no steps to decrease the jurisdictional limit for appeals taken from assault convictions. *See,* Article IV, § 11(1)(b); *McCoy v. State, supra.*