Ira L. SHY, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 23, 1983.
Decided: April 6, 1983.

James A. Natalie (argued), Woloshin &
Tennenbaum, P.A., Wilmington, for appellant.

Eugene M. Hall, State Prosecutor, and
Timothy J. Donovan, Jr., Deputy Atty. Gen.
(argued), Wilmington, for appellee.

Before HERRMANN, C.J., HORSEY and
MOORE, JJ.

MOORE, Justice:

Following a trial in Superior Court, Ira L.
Shy was convicted of trafficking in illegal
drugs [16 *Del.C.* § 4753A(a)(3) ], receiving a
sentence of a $150,000 fine (which was suspended) and ten years in prison.[1] In his
appeal from that conviction, he contends
that section 4753A violates the equal protection clause of the fourteenth amendment
because the statute has no rational relationship to the control of illegal drug sales. He
also argues that the mandatory imposition
of a ten year prison term constitutes cruel
and unusual punishment which is prohibited
by the eighth amendment. We have
recently dealt with these issues, and reject-

---

1. He was also convicted of possession of marijuana (16 *Del.C.* § 4754). No challenge is made to that conviction.

ed such contentions, in *Traylor v. State,* Del.Supr., 458 A.2d 1170 (1983). However, Shy advances the further claim, which we have not previously decided, that the statute is ambiguous. For the reasons hereafter stated, we reject this assertion of statutory ambiguity and affirm.

## I.

In the early afternoon of July 16, 1981, a Wilmington police officer saw Shy smoking what seemed to be a marijuana cigarette. Approaching him, the officer confirmed his suspicions by noticing that the cigarette had the characteristic smell and shape of one containing marijuana. Shy threw the cigarette away and tried to flee, but the officer grabbed Shy's clothing. Searching the defendant, the policeman found eighteen plastic bags containing a white powder, several empty plastic bags, and cigarette papers. The powder, upon chemical testing by the state medical examiner, was determined to be 22 grams of a mixture containing a total of .64 grams of heroin. This concentration, according to police testimony, was typical of street-level heroin sold in the Wilmington area.

## II.

■ Shy first argues that the statute under which he was convicted, 16 *Del.C.* § 4753A,[2] violates the equal protection clause of the fourteenth amendment because the severity of the crime is classified according to the weight of the mixture containing the illegal substance and not upon the purity of the mixture. In *Traylor v.*

*State,* Del.Supr., 458 A.2d 1170 (1983), this Court concluded that this classification scheme "was reasonably related to suppression of the drug traffic, thereby satisfying the demands of the equal protection clause". 458 A.2d at 1173. *Traylor* is clearly dispositive of this issue as presented by Shy.

## III.

### A.

■ In his next argument, Shy contends that the imposition of a ten year prison sentence, as required by 16 *Del.C.* § 4753A(a)(3)b,[3] constitutes cruel and unusual punishment, thus violating the eighth amendment. In *Traylor,* we considered a similar claim made with respect to the mandatory minimum fines contained in the statute. As part of the analysis, we reviewed "the statutory objective, the importance and magnitude of the public interest sought to be protected, the circumstances and nature of the act for which the [punishment] is imposed . . ., statutory penalties for the same offense in other jurisdictions, and possible penalties for other offenses committed in Delaware". 458 A.2d at 1178. That analysis is applicable here, and based on these factors as examined in *Traylor,* we conclude that the mandatory prison terms established by section 4753A do not violate the eighth amendment.

### B.

■ At his trial, Shy introduced evidence showing that he was addicted to her-

2. The portion of the statute related to trafficking in heroin reads:

Any person who, on any single occasion, knowingly sells, manufactures, delivers or brings into this State, or who is knowingly in actual or constructive possession of 8 grams or more of any morphine, opium or any salt, isomer or salt of an isomer thereof, including heroin, as described in § 4714 of this title, or 8 grams or more of any mixture containing any such substance, is guilty of a class B felony, which felony shall be known as "trafficking in illegal drugs". If the quantity involved:

a. Is 8 grams or more, but less than 20 grams, which person shall be sentenced to a mandatory minimum term of imprisonment of 3 years and to pay a fine of $75,000.
b. Is 20 grams or more, but less than 50 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 10 years and to pay a fine of $150,000.
c. Is 50 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 years and to pay a fine of $750,000.
16 *Del.C.* § 4753A(a)(3).

3. The statute is set out in note 2, *supra.*

oin when he was arrested. The inference one is apparently asked to draw is that addicts regularly carry large amounts of heroin for their own use. Thus, as the argument seems to be, the statute impermissibly punishes people who, because of their status as addicts, carry large amounts of heroin with no intent to sell or deliver it to another. Under *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), according to Shy, this violates the eighth amendment.

*Robinson,* without a doubt, precludes the State from punishing someone because of addiction to narcotics. But *Robinson* does not prevent an addict from being punished for criminal conduct. 370 U.S. at 664–65, 82 S.Ct. at 1419–20. Thus, the State can impose criminal sanctions for unauthorized possession, sale, manufacture, etc., of drugs. *Id.* Shy violated the laws of Delaware not by arguably being an addict, but because he possessed a specific quantity of a heroin-containing substance. *Cf. Dyton v. State,* Del.Supr., 250 A.2d 383, 386 (1969) (possession of hypodermic needle or syringe). Furthermore, we observed in *Traylor* "that major traffickers need a network of people to make the actual sales to users. Stiff penalties for possession of a mixture that contains an illegal drug are therefore rational since traffickers may be less able to find street-level peddlers willing to risk possession of large, but diluted, amounts of illegal drugs". 458 A.2d at 1177. The General Assembly could conclude that addicts were an important component of the distribution network and thus decide not to distinguish between addicts and non-addicts when establishing a minimum sentence.[4] The ten year prison term required by section 4753A(a)(3)b, as imposed on Shy, is not cruel and unusual punishment. *See Traylor,* 458 A.2d at 1179. *Accord State v. Benitez,* Fla.Supr., 395 So.2d 514 (1981). *See also Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982); *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382

(1980); *Terrebonne v. Blackburn,* 646 F.2d 997 (5th Cir.1981) (en banc).

## IV.

■ The defendant's final argument is that the phrase "8 grams or more of any morphine, opium or any salt, isomer or salt of an isomer thereof, including heroin, as described in § 4714 of this title, or 8 grams or more of any mixture containing any such substance," contained in section 4753A(a)(3), is ambiguous. If the statute was reasonably susceptible of different conclusions or interpretations, it would be ambiguous. 2A Sutherland, Statutes and Statutory Construction § 45.02, at 5 (4th ed. 1973); 73 Am.Jur.2d *Statutes* § 195, at 392 (1974). *Cf. Hibbert v. Hollywood Park, Inc.,* Del.Supr., 457 A.2d 339, 343 (1983) (interpretation of corporate by-law). We conclude, however, that there is only one interpretation of the phrase, and in the resultant absence of ambiguity, the statute must be held to mean that which it plainly states. *E.g., Balma v. Tidewater Oil Co.,* Del.Supr., 214 A.2d 560, 562 (1965).

The reference to section 4714 directs the reader to a lengthy list of opiates and opium derivatives. That list is thus incorporated into section 4753A(a)(3). *See Werntz v. Jennings,* Del.Supr., 34 Del.Ch. 226, 101 A.2d 806, 809 (1954). The phrase "any such substance" relates back to "morphine, opium or any salt, isomer or salt of an isomer thereof, including heroin, as described in § 4714 of this title". The statute thus prohibits various conduct with respect to 8 or more grams of a mixture containing any amount of those chemicals. Any different reading would render part of the statute meaningless, a result foreclosed by generally accepted principles of statutory construction. 73 Am.Jur.2d *Statutes* § 250, at 423–24.

\* \* \* \* \* \*

AFFIRMED.

---

**4.** If the trial court decides to impose a sentence greater than the minimum, section 4753A does not prevent the court from considering drug addiction as a factor when sentencing.