**TRANS–AMERICAS AIRLINES, INC.,**
**Plaintiff Below, Appellant,**

v.

**Glenn C. KENTON, Secretary of State, State of Delaware, and the Corporation Trust Company, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: Dec. 4, 1984.

Decided: April 11, 1985.

John C. Phillips, Jr., Wilmington, and Philip Schleit (argued), Washington, D.C., of counsel, for appellant.

John A. Parkins, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellees Kenton and the State of Del.

Peter M. Sieglaff, Potter Anderson & Corroon, Wilmington, for appellee The Corp. Trust Co.

Before HERRMANN, C.J., McNEILLY and CHRISTIE, JJ.

HERRMANN, Chief Justice:

The issue in this appeal pertains to the duties which 8 *Del. C.* § 102(a)(1) * imposes upon the Secretary of State of Delaware when approving a proposed corporate name similar to one already on the books.

---

* 8 *Del.C.* § 102(a)(1) provides in pertinent part: (a) The certificate of incorporation shall set forth:

(1) The name of the corporation such as to distinguish it upon the records in the office of the Division of Corporations in the Department of State from the names of other corporations organized, reserved or registered as a foreign corporation under the laws of this State....

## I.

Transamerica Corporation (hereinafter "Transamerica"), a nationally-known conglomerate incorporated in Delaware since 1928, formed a subsidiary, Trans International Airlines, Inc. (hereinafter "Trans International"), incorporated in Delaware in 1967. Since 1968, through its subsidiary, Transamerica has been actively operating a worldwide air charter service. Transamerica has advertised the relationship with its airline subsidiary, such that the name "Transamerica" has often appeared on planes owned by Trans International.

The plaintiff, Trans-Americas Airlines, Inc. (hereinafter "Trans-Americas"), was incorporated in Delaware in 1976. Though plaintiff Trans-Americas was organized for the stated purpose of operating an international airline, it has not yet engaged in business activity of any kind.

In November 1976, soon after the plaintiff corporation was formed, Transamerica notified the plaintiff of its objection to the latter's choice of the name, "Trans-Americas," for a company intending to operate an airline. Transamerica based its objection on the longstanding promotion of its name in connection with the airline operated by its subsidiary, Trans International. Transamerica requested that the plaintiff adopt a different corporate name if it intended to enter the airline industry.

In 1979, Trans International announced its intention to change its name to "Transamerica Airlines, Inc." (hereinafter "Transamerica Airlines"), and filed an application to that effect with the Civil Aeronautics Board.

In reaction to that announcement, the plaintiff Trans-Americas filed an objection to Trans International's proposed name change with the Division of Corporations of the Delaware Department of State (hereinafter "Division of Corporations"). The Division of Corporations informed the plaintiff that Trans International had not yet filed an application for a name change and, moreover, any name change which violated the laws of Delaware would not be registered. In further attempts to prevent the name change, the plaintiff frequently contacted the defendant, Corporation Trust Company (hereinafter "Corporation Trust"), which, throughout the period at issue, served as the registered statutory agent, required by 8 *Del.C.* § 132(a),[†] for both the plaintiff and Trans International.

On October 1, 1979, Corporation Trust filed with Division of Corporations an application on behalf of Trans International to change its name from "Trans International, Inc." to "Transamerica Airlines, Inc." That same day, the defendant, Glenn C. Kenton, Secretary of State for the State of Delaware (hereinafter "Secretary Kenton"), approved the name change without notice to the plaintiff.

The plaintiff learned of the name change in May 1980. Upon inquiry, the Administrator of the Division of Corporations verified the name change, was sympathetic with the plaintiff's complaint, and noted that she had been working with Corporation Trust in an effort to persuade Transamerica Airlines to change its name again. However, Transamerica Airlines did not do so and has been operating under its new name since October 1, 1979.

In April 1981, the plaintiff Trans-Americas filed this action in the Court of Chancery, alleging that the defendants, Secretary Kenton and Corporation Trust, wrongfully permitted Trans International to adopt a new name "confusingly similar" to that of the plaintiff. By this action, the plaintiff sought an order of the Court directing Corporation Trust to file with the Division of Corporations a request on behalf of Transamerica Airlines to withdraw

---

† 8 *Del.C.* § 132(a) provides:

Every corporation shall have and maintain in this State a registered agent, which agent may be either an individual resident in this State whose business office is identical with the corporation's registered office, or a domestic corporation (which may be itself), or a foreign corporation authorized to transact business in this State, have a business office identical with such registered office.

its name change, directing Secretary Kenton to revoke the registration of Transamerica Airlines' name, and awarding to the plaintiff money damages against Secretary Kenton and Corporation Trust.

Corporation Trust moved to dismiss the action for failure to state a claim. Secretary Kenton moved for summary judgment; the plaintiff filed a cross-motion for summary judgment.

The Court of Chancery granted Secretary Kenton's motion for summary judgment and denied the plaintiff's motion, finding that Secretary Kenton had fulfilled his statutory duty in approving Trans International's name change. Because the Court found no error on Secretary Kenton's part, it found no basis for ordering that Corporation Trust seek the revocation of Transamerica Airlines' name registration. As to that facet of the case, the Court granted Corporation Trust's motion to dismiss.

The Trial Court's action left unresolved only the plaintiff's legal claim for money damages against Corporation Trust for breach of its agency obligations. In its discretion, the Court of Chancery declined to rule on that claim and retained jurisdiction over this legal matter for 20 days in order to give the plaintiff the opportunity to transfer the claim for money damages to the Superior Court. *See Getty Refining & Marketing Co. v. Park Oil, Inc.*, Del.Ch., 385 A.2d 147 (1978). Upon the plaintiff's failure to transfer the claim, it was dismissed without prejudice. The plaintiff appeals.

We are in agreement with the Court of Chancery. Accordingly, we affirm.

## II.

The determinative issue here centers upon the meaning of 8 *Del.C.* § 102(a)(1), which requires that the name of a new corporation "shall be such as to distinguish it upon the records of the Division of Corporations in the Department of State." The plaintiff argues that this language should be construed to prevent the regis-

tration of corporate names, which are not merely distinguishable, but rather "confusingly similar." We do not agree.

■ The language of the Statute is clear and unequivocal. There is no room for statutory construction.

The Court of Chancery long ago settled the question in *Standard Oilshares, Inc. v. Standard Oil Group, Inc.*, Del.Ch., 150 A. 174 (1930). There, the Court held that the precursor to § 102(a)(1), identical in pertinent part to the Section at issue here, must be given its plain meaning. The Chancellor there concluded:

Now, the only statutory restriction in the choice of a name is that it must be distinguishable on the records in the office of the Secretary of State. I suppose, though it is not necessary to say so, that the question of distinguishableness would rest largely in the secretary's discretion.

The present state of the law is then that in a matter involving the rivalry of corporate names, judicial cognizance of the controversy is not amplified by statutory provisions as was formerly the case ... but rests solely in the field of general law dealing with unfair competition.

150 A. at 179.

■ We confirm the proposition that under the plain meaning of § 102(a)(1), the Secretary of State has only one statutory duty: to ensure, in the exercise of his discretion, that a new corporate name can be distinguished on the records of the Division of Corporations from those names previously registered.

While the plaintiff sets forth a number of policy reasons to support its expansive reading of the Statute, it fails to overcome the cardinal rule that there is no room for construction where the language of the Statute is clear and unambiguous on its face. Absent ambiguity in the Statute, we are not free to depart from its plain meaning. *Shy v. State*, Del.Supr., 459 A.2d 123, 125 (1983); *Giuricich v. Emtrol Corp.*,

Del.Supr., 449 A.2d 232, 238 (1982). *Compare Marker v. State*, Del.Supr., 450 A.2d 397 (1982).

Because the Statute is clear on its face, we find unpersuasive the plaintiff's arguments for adopting a reading of § 102(a)(1) which goes beyond the scope of its plain meaning.

Similarly, we find unpersuasive any view expressed by the Administrator of the Division of Corporations which may be in conflict with both the plain language of the Statute and the action taken by the Secretary of State. *See Colonial School Board v. Colonial Affiliate, NCCEA/DSEA/NEA*, Del.Supr., 449 A.2d 243, 248 (1982).

■ The plaintiff contends that, in registering a corporate name "confusingly similar" to its own, Secretary Kenton deprived the plaintiff of property rights inherent in its corporate name. In this suit pertaining to the statutory obligations of the Secretary of State, we decline to consider any issue pertaining to any property right the plaintiff may have acquired in its corporate name. When considering a proposed corporate name, the Secretary has no duty under § 102(a)(1) to determine whether similar corporate names already registered carry with them property rights on which other parties may not infringe. Such matters fall within other fields of the law.

■ Accordingly, we find no error in the Trial Court's conclusion that Secretary Kenton fulfilled his statutory duty, as required by § 102(a)(1), in determining that the name, "Transamerica Airlines, Inc.," is distinguishable from the name, "Trans-Americas Airlines, Inc.," on the records of the Division of Corporations. It follows that the Court of Chancery did not err in granting summary judgment in favor of Secretary Kenton or in granting Corporation Trust's motion to dismiss the complaint as to it.

\*    \*    \*

■ Because we find that the Vice Chancellor properly disposed of all equitable claims, we conclude that his refusal to retain jurisdiction over the plaintiff's remaining legal claim, after due opportunity to transfer the issue to the Superior Court, was not an abuse of discretion. *See Getty Refining & Marketing Co. v. Park Oil, Inc., supra.*

\*    \*    \*

Affirmed.