IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL REESE, | § | |
| | § | No. 142, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1304010645 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 22, 2014
Decided: August 15, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **O R D E R**

This 15th day of August 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)  On October 17, 2013, after a two day trial, a Superior Court jury found the appellant, Michael Reese, guilty of Criminal Trespass in the First Degree and Criminal Mischief.  The jury found Reese not guilty of three counts of Terroristic Threatening.  Reese was sentenced to one year of Level V imprisonment, suspended for one year of Level III probation for Criminal Trespass

in the First Degree and ordered to pay a fine of $100 for Criminal Mischief.[1]  This is Reese's direct appeal.

(2)  On appeal, Reese's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[2]  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Counsel informed Reese of the provisions of Rule 26(c) and provided Reese with a copy of the motion to withdraw and the accompanying brief.  Counsel also informed Reese of his right to identify any points he wished this Court to consider on appeal.  Reese did not provide any points for this Court to consider.  The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(3)  When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

---

[1] Reese was also sentenced for additional offenses under a separate indictment.

[2] Reese was represented by different counsel at trial.

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(4)     As an initial matter, we note that Reese's conviction for Criminal Mischief is not subject to appellate review by this Court.  The Superior Court sentenced Reese to pay a $100 fine for this offense.  This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[4]   In cases of multiple convictions, each sentence must be evaluated individually in order to determine whether it meets the constitutional threshold.[5] Because the sentence for Criminal Mischief does not meet the jurisdiction requirement, the appeal as to that conviction must be dismissed without review.

(5)     This Court has reviewed the record carefully and has concluded that the remainder of Reese's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Reese's counsel has made a conscientious effort to examine the record and the law and has properly determined that Reese could not raise a meritorious claim in this appeal.

---

[4] Del. Const. art. IV, § 11(1)(b).

[5] *Marker v. State*, 450 A.2d 397, 399 (Del. 1982).

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED, in part, and the appeal is DISMISSED, in part, as described herein.  The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice