IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LATRELL FARLOW, | § | |
| | § | No. 403, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | Cr. ID 1312015698 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 23, 2015
Decided: May 28, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## O R D E R

This 28th day of May 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) In June 2014, a Superior Court jury convicted the appellant, Latrell Farlow, of one count each of Driving Under the Influence ("DUI"), Resisting Arrest, Reckless Driving, Disorderly Conduct, Driving at an Unsafe Speed, and Improper Lane Change. The jury acquitted Farlow of the only felony charge, Disregarding a Police Officer's Signal. After a presentence investigation, the Superior Court sentenced Farlow on the charges of DUI and Resisting Arrest to a total period of thirty months at Level V incarceration, to be suspended after serving

sixty days in prison for thirty days at the Level IV VOP Center, followed by one year at Level III probation. Farlow was sentenced to a fine of $100 or less on each of the four remaining charges. None of these four sentences meets the jurisdictional threshold for an appeal to this Court.[1] Accordingly, our review in this appeal is limited to Farlow's convictions and sentences for DUI and Resisting Arrest. This is Farlow's direct appeal on those two convictions.

(2) Farlow's appellate counsel has filed a brief and a motion to withdraw under Rule 26(c). Farlow's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Farlow's attorney informed him of Rule 26(c) and provided Farlow with a copy of the motion to withdraw and the accompanying brief. Farlow was also informed of his right to supplement his attorney's presentation. Farlow has raised several issues for this Court's consideration. The State has responded to the position taken by Farlow's counsel, as well as to the points raised by Farlow, and has moved to affirm the Superior Court's judgment.

(3) The record at trial established that, on December 27, 2013 at around 1:00 AM, a Seaford police officer saw a red Jeep Cherokee drive by his parked vehicle at a speed of 80 to 90 mph. The officer activated his lights and gave chase. The officer testified that he accelerated to well over 100 mph to reach the Jeep.

---

[1] *Marker v. State*, 450 A.2d 397, 399 (Del. 1982) (holding that Article IV, § 11(1)(b) does not confer appellate jurisdiction in a case where the defendant was sentenced to a fine of $100 or less).

The Jeep slowed to the speed limit but did not pull over. The officer then activated his siren and called for back-up. The Jeep moved into a turn lane and signaled as if to turn but did not. Instead, the Jeep continued driving forward for another mile, swerving back and forth between lanes on the highway. Eventually, the Jeep pulled into a McDonald's parking lot and struck a curb while parking.

(4) The pursuing officer and another officer, who had arrived on the scene as back-up, approached the Jeep with their weapons drawn. The driver, Farlow, was reaching into his center console, so the pursuing officer opened the driver's door, pulled him out, and threw him to the ground. Farlow struggled with the officers and refused to be handcuffed. One of the officers testified at trial that he detected a strong odor of alcohol and noticed that Farlow's eyes were bloodshot and glassy.

(5) Farlow was transported to the Seaford police station, where he refused to submit to field sobriety tests and an intoxilyzer test. The officer obtained a warrant for a blood draw and took Farlow to the hospital, where Farlow became violent. Farlow attempted to kick, punch, and spit on the officers and told the transporting officer that he was going to have to "f___ing knock him out first" to execute the warrant for the blood draw. Four officers had to restrain Farlow to get his blood sample. The test results showed that Farlow's blood alcohol content ("BAC") was .17.

(6) Before trial, Farlow's counsel filed a motion to suppress the traffic stop and arrest, arguing that the police officer did not have a reasonable, articulable suspicion to stop Farlow's vehicle or probable cause to arrest him. Defense counsel also moved to suppress the blood test results, arguing that there was insufficient evidence within the four corners of the search warrant affidavit to support a finding of probable cause that Farlow had been driving under the influence. After a hearing, the Superior Court denied both motions. At the close of the State's evidence at trial, defense counsel moved for a judgment of acquittal on the charges of Disregarding a Police Officer's Signal, Driving at an Unsafe Speed, Reckless Driving, and Disorderly Conduct. The Superior Court denied the motion. The jury acquitted Farlow of Disregarding a Police Officer's Signal—the only felony charge—but convicted him on all other charges.

(7) The standard and scope of review applicable to the consideration of a motion to withdraw under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(8)     In response to his counsel's Rule 26(c) brief and motion to withdraw, Farlow submitted a single-paragraph letter, which broadly raises three issues. First, Farlow appears to contend that his trial counsel was ineffective for failing to obtain camera footage from McDonald's and another nearby business, which he claims would have shown that he was not speeding and did not resist arrest. Second, he contends that the arresting officer's in-court testimony consisted of inadmissible hearsay. Finally, Farlow appears to contend that the evidence was insufficient to support his convictions.

(9)     As to Farlow's claim that his trial counsel was ineffective for failing to obtain camera footage, this Court generally will not consider on direct appeal claims of ineffective assistance of counsel that were not raised to the Superior Court in the first instance.[3] The only exception to this general rule is when the ineffectiveness is "so apparent from the record that this Court can fully consider obvious deficiencies in representation."[4] In this case, nothing in the current record before us supports Farlow's allegation that his lawyer's performance was deficient. Accordingly, we will not consider his unsubstantiated allegation of ineffective assistance of counsel in this direct appeal.

(10)    Farlow next asserts that the arresting officer's testimony at trial was inadmissible hearsay. Farlow does not point to any specific aspect of the officer's

---

[3] *Duross v. State*, 494 A.2d 1265, 1267 (Del. 1985).

[4] *Dobson v. State*, 2013 WL 5918409, *2 (Del. Oct. 31, 2013).

testimony as objectionable. He contends that "everything being said in court by [the] officer" was hearsay. Having reviewed the record, the Court finds no evidence of inadmissible hearsay. To the extent any witness testified about Farlow's inculpatory, out-of-court statements, that testimony was properly admissible as non-hearsay party admissions against interest under Delaware Rule of Evidence 801(d)(2).[5]

(11) Finally, Farlow contends that there was insufficient evidence to support his convictions. When a defendant challenges the sufficiency of the evidence on appeal, the relevant question for this Court is whether, "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[6] In this case, we find the State's evidence sufficient, beyond a reasonable doubt, to support Farlow's convictions for DUI and Resisting Arrest. The officers testified that Farlow was speeding and driving erratically, that he refused to allow himself to be handcuffed, that he refused to submit to a blood draw for which the officers had a warrant and attempted to kick and strike the officers, and the results of the blood test reflected that Farlow's BAC was well

---

[5] Del. Unif. R. Evid. 801(d)(2)(A) (the admission of a party against his own interest is not hearsay under the Rules of Evidence). *See also Maddox v. State*, 2009 WL 2323490, at *2 (Del. July 30, 2009) (holding that the inculpatory portion of a defendant's statement was properly admitted under DRE 801(d)(2)(A), but the exculpatory portion of the statement did not fall under any hearsay exception and thus was inadmissible).

[6] *Williams v. State*, 539 A.2d 164, 168 (Del. 1988) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

over the legal limit. Although Farlow may have offered contrary testimony about his behavior, the jury was charged with finding the facts and was entitled to make its own judgment about which testimony it found credible.[7] Thus, we find no merit to this argument.

(12) This Court has reviewed the record carefully and has concluded that Farlow's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Farlow's counsel has made a conscientious effort to examine the record and has properly determined that Farlow could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[7] *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).