IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAUREN PURNELL, | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 280, 2016 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1408003462 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: September 9, 2016
Decided: November 3, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 3rd day of November 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Lauren Purnell, filed this appeal from a Superior Court order dated April 29, 2016, which affirmed her Court of Common Pleas' convictions for Breach of Release and Criminal Trespass in the Third Degree.  In its answering brief, the State of Delaware asserts that this Court lacks jurisdiction over Purnell's appeal because the sentence imposed by the Court of Common Pleas does not meet the Court's jurisdictional threshold under the Delaware Constitution. We agree.  Thus, Purnell's appeal must be dismissed.

(2)     The record reflects that the Court of Common Pleas sentenced Purnell for Breach of Release to thirty days at Level V incarceration to be suspended entirely for 360 days at Level I probation.  Purnell was sentenced for Criminal Trespass in the Third Degree to a $50 fine, which was suspended.

(3)     This Court's constitutional jurisdiction is limited to criminal appeals when the sentence is "imprisonment *exceeding one month*, or fine exceeding One Hundred Dollars."[1] Purnell's thirty-day suspended sentence is not a sentence of imprisonment exceeding one month, and the fine imposed did not exceed $100. Her sentence fails to meet the jurisdictional threshold.[2]  Therefore, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[1]Del. Const. art. IV, § 11(1)(b) (emphasis added).

[2]*Marker v. State*, 450 A.2d 397, 398 (Del. 1982).

2