## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RODERICK BALDWIN, | § |
| | § No. 468, 2016 |
| Defendant Below, | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § |
| STATE OF DELAWARE, | § Cr. ID No. 1511014491 |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: March 13, 2017
Decided: April 28, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 28th day of April 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On August 11, 2016, a Superior Court jury found the appellant, Roderick Baldwin, guilty of Disregarding a Police Officer's Signal, two counts of Reckless Endangering in the Second Degree, Resisting Arrest, Reckless Driving, Aggressive Driving, Driving While License Suspended, Failure to Signal, Unreasonable Speed, Disregarding a Red Light, Disregarding a Stop Sign, Improper Passing, Unsafe U-Turn, and Failure to Have Headlights On. Baldwin was sentenced to a total of five years of Level V incarceration, suspended after

three years served under 11 *Del. C.* § 4204(k) for Level III probation. This is Baldwin's direct appeal.

(2) On appeal, Baldwin's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Baldwin of the provisions of Rule 26(c) and provided Baldwin with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Baldwin of his right to identify any points he wished this Court to consider on appeal. Baldwin has not raised any issues for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) We note that Baldwin's convictions for Reckless Driving, Aggressive Driving, Failure to Signal, Unreasonable Speed, Disregarding a Red Light,

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

2

Disregarding a Stop Sign, Improper Passing, Unsafe U-Turn, and Failure to Have Headlights On are not subject to appellate review by this Court. For each Reckless Driving and Aggressive Driving conviction, Baldwin was sentenced to thirty days of Level V incarceration, suspended for Level III probation, and a $100 fine. For each Failure to Signal, Unreasonable Speed, Disregarding a Red Light, Disregarding a Stop Sign, Improper Passing, Unsafe U-Turn, and Failure to Have Headlights On conviction, Baldwin was fined $25.00.

(6)     This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[2]  In cases of multiple convictions, each sentence must be evaluated individually in order to determine whether it meets the constitutional threshold.[3]  Because the sentences for Reckless Driving, Aggressive Driving, Failure to Signal, Unreasonable Speed, Disregarding a Red Light, Disregarding a Stop Sign, Improper Passing, Unsafe U-Turn, and Failure to Have Headlights On do not meet the jurisdiction requirement, the appeal as to those convictions must be dismissed without review.

(7)     As to Baldwin's remaining convictions, this Court has reviewed the record carefully and has concluded that Baldwin's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel

---

[2] Del. Const. art. IV, § 11(1)(b).

[3] *Marker v. State*, 450 A.2d 397, 399 (Del. 1982).

3

has made a conscientious effort to examine the record and the law and has properly determined that Baldwin could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

4