IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NA-QUAN LEWIS, | § | |
| | § | |
| Defendant Below, | § | No. 556, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1905009613 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 22, 2020
Decided: July 7, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After consideration of the notice to show cause, the appellant's response, and the appellee's reply, it appears to the Court that:

(1)     Following a two-day trial in December 2019, a Superior Court jury found the appellant, Na-Quan Lewis, not guilty of several weapons-related charges and guilty of a misdemeanor charge of disorderly conduct. The Superior Court sentenced Lewis for the disorderly-conduct offense to thirty days of imprisonment, with no probation to follow.

(2)     Lewis filed a notice of appeal from the Superior Court's sentencing order. The Clerk of this Court issued a notice directing Lewis to show cause why the appeal should not be dismissed because the sentence fails to meet the

jurisdictional threshold for appeal to this Court. In response to the notice to show cause, Lewis asserts that he desires to appeal the Superior Court's failure to dismiss the weapons-related charges.

(3) This Court's constitutional jurisdiction over appeals by defendants in criminal matters is limited to cases "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[1] The Court does not have jurisdiction to receive an appeal by a defendant from charges of which the jury found the defendant not guilty.[2] Because the sentence imposed in this case does not meet the jurisdictional requirement, the appeal must be dismissed.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] DEL. CONST. art. IV, § 11(1)(b).

[2] *Id.*

[3] *Reese v. State*, 2014 WL 4059213 (Del. Aug. 15, 2014); *Marker v. State*, 450 A.2d 397 (Del. 1982).

2