IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE WAPLES, | § | |
| | § | |
| Defendant Below, | § | No. 128, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1909010714 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 19, 2020
Decided: October 21, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the notice to show cause, the appellant's response, and the appellee's reply, it appears to the Court that:

(1)     On February 7, 2020, the appellant, Bruce Waples, pleaded guilty to driving under the influence of alcohol and entered into the first-offenders program.[1] The court deferred sentencing. On February 11, 2020, Waples filed a motion to withdraw his guilty plea; the Superior Court denied the motion at a February 28, 2020 hearing. On March 6, 2020, the Superior Court—"without entering a judgment of guilt" and with further proceedings deferred—entered an order placing Waples

---

[1] 21 *Del. C.* § 4177B.

on one year of Level I probation to allow him to complete the requirements of the first-offenders program.[2]

(2)     Waples appealed from the Superior Court's order.  His counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c), and the State filed a response.  Then, on September 29, 2020, the Senior Court Clerk of this Court issued a notice directing Waples to show cause why the appeal should not be dismissed because the sentence fails to meet the jurisdictional threshold for appeal to this Court.  In response to the notice to show cause, Waples's counsel stated that he has no good faith basis to object to the dismissal of the appeal without prejudice.

(3)     This Court's constitutional jurisdiction over appeals by defendants in criminal matters is limited to cases "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[3]  An order placing a defendant on Level I probation but not imposing any term of imprisonment does not satisfy the jurisdictional threshold.[4]  Because the judgment

---

[2] Appendix to Opening Br. at A-005 (order on appeal).  *See* 21 *Del. C.* § 4177B(a)(2)a ("If a person applies and qualifies for the first offenders election under this section . . . The court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and shall place the accused on probation upon terms and conditions, including enrollment in a course of instruction or program of rehabilitation established under § 4177D of this title.").

[3] DEL. CONST. art. IV, § 11(1)(b).  *See also Marker v. State*, 450 A.2d 397 (Del. 1982) (dismissing appeal because the sentences imposed did not exceed the jurisdictional requirement).

[4] *See Purnell v. State*, 2016 WL 6556563 (Del. Nov. 3, 2016) (dismissing appeal for lack of jurisdiction where appellant received sentence of thirty days of incarceration, suspended for 360 days of Level I probation).

2

of guilt was deferred and the sentence imposed in this case does not meet the jurisdictional requirement, the appeal must be dismissed.[5]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED without prejudice to Waples's right to appeal if further proceedings result in a judgment of guilt and a sentence that satisfies the jurisdictional requirement.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *See Reese v. State*, 2014 WL 4059213 (Del. Aug. 15, 2014) (in appeal in which counsel filed a brief and motion to withdraw under Rule 26(c), dismissing the portion of the appeal that related to a conviction for criminal mischief, because the sentence for that offense did not satisfy the jurisdictional requirement).