Dye, J.
This action is for damages for personal injuries pursuant to section 240 of the Labor Law. The plaintiff is a painter and decorator with over 40 years’ experience in the trade. The defendant is the owner of a small bungalow-type dwelling house. It needed painting. By oral arrangement the plaintiff undertook to do the job on a cost of materials and time basis. He was to furnish “ a good [quality] white paint ” but otherwise all details in respect to the method, manner and time of doing the work were left to his skill and judgment. He was to use his own brushes and hand tools. However, he had no ladders, as it was his practice to rent them as needed from a supplier and charge the rental into the job as an item of cost. When he told the defendant of this practice, the latter said that he had a couple of ladders at the house which he was welcome to use. One of these was a factory extension ladder concededly in sound condition made up of two sections each 14 feet long, one of which the plaintiff used to paint the high places; hut, because of its length, as he progressed downward, he was unable to reach the siding lower down. He then looked around and found the second ladder which, as we shall see, became the focal point of this lawsuit. It was homemade of wooden 2-by-3’s for uprights, to which had been nailed flat cleats 1% inches by 3 inches, spaced at 12-inch intervals, for use as rungs. This homemade ladder was about 14 feet long and like the section of the factory-built ladder was too long for the place in which plaintiff desired to use it; so, without defendant’s knowledge or permission, plaintiff helped himself to a handsaw that he found on the premises and proceeded to saw the homemade ladder into two pieces, respectively about 5 feet and 9 feet in length. This was early in the morning of his first day on the job. During *382 the balance of the day he used the 9-foot piece in the course of his work without incident. When defendant returned home that evening, plaintiff asked him if it was all right for him to have cut down the ladder, to which defendant replied, “ Well, you have already done it, haven’t you? ” On the following day the plaintiff again used the sawed-off section until about noontime when he quit because of inclement weather. The next day being Saturday, he did not work. He returned to the job Sunday morning and again used the sawed-off 9-foot section. While standing on the next-to-the-top cleat or rung, it broke and he fell to the ground, sustaining the injury to his foot and ankle of which he complains.
The action was tried entirely on the applicability of section 240 of the Labor Law. At the close of plaintiff’s case and again at the close of the entire case, the trial court denied defendant’s motion to dismiss the complaint for failure of proof. Defendant’s motion for a directed verdict in his favor was also denied. The plaintiff made no motion for a directed verdict so he must be deemed to have assumed that an issue of fact was presented for determination by the jury. The case was sent to the jury who returned a verdict in favor of the defendant of no cause of action. The plaintiff moved to set aside the jury verdict upon all the grounds mentioned in section 549 of the Civil Practice Act. The motion was denied and judgment of dismissal was entered. Upon appeal to the Appellate Division, that court, although satisfied that the jury verdict was justified by the proof, was constrained to reverse the judgment of dismissal and to grant to plaintiff a new trial on the ground that the trial court erred in its instructions to the jury in respect to the applicability of section 240 of the Labor Law.
The defendant’s appeal is here from the order and amended order entered below on a stipulation for absolute judgment. For convenience, we quote so much of the statute as is pertinent: “ § 240. Scaffolding and other devices for use of employees. 1. A person employing or directing another to perform * * * painting * * * of a building * * * shall furnish * * * or cause to be furnished * * * for the performance of such labor * * # ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed.”
As we read this record in light of the most favorable inference *383 rule, plaintiff’s proof fails to meet the minimum statutory requirement. The words “ employing or directing another to perform # * * painting ” mean just that. Here the parties stipulated that this painter was engaged as an independent contractor. Nowhere does it appear, and it is not claimed, that this defendant at any time gave the plaintiff any instructions or direction as to the manner or method in which he was to perform the painting which he had contracted to do, but it was left solely to his judgment and experience. Assuming, without deciding, that defendant was either ‘ ‘ employing ” or “ directing ’ ’ the plaintiff in the performance of the work and that therefore section 240 applies, it was nonetheless necessary for plaintiff to establish as part of his prima facie case that defendant failed to “ furnish [a] ladder * * * so constructed * * * as to give protection to a [the] person so employed or directed ”.
Here the owner allegedly furnished two ladders, one of which was concededly sound and one allegedly unsound. In the course of the work the plaintiff painter used the unsound ladder, not in the condition in which it was furnished by the owner but after he, the painter, had remodeled it to his own liking by cutting it into two pieces without the knowledge or consent of the owner. When he did that the plaintiff was not using the ladder furnished by the owner, but an entirely different one which he had devised himself without any help, direction or authorization from the owner. In so doing the plaintiff effectively removed himself from the protective language of the statute and thereby relegated himself to such remedy, if any, which might be said to exist at common law. However, plaintiff has elected not to rely on defendant’s alleged neglect of a common-law duty, but on the neglect of duty imposed by statute. To recover he had to show prima facie that he used the ladder as furnished and that, as furnished, it was defective. This, by any reading of the evidence, he failed to do. It was error then to deny defendant’s motion for nonsuit. There being no dispute as to the essential fact that the ladder causing the injury was not the one as furnished by the owner, the trial court erred when it refused to direct a verdict in favor of defendant. When so viewed, we do not reach the question of whether the court erred when he instructed the jury respecting the meaning of the word “ direct ” as used in the statute or whether such instruction was prejudicial. Even if we could *384 reach that question on its merits, the state of the record is such that it is not at all clear that it has been preserved for review by the taking of a timely and proper exception, without which the instruction, even if erroneous, becomes the law of the case (Civ. Prac. Act, § 446; Brown v. Du Frey, 1 N Y 2d 190). In this view of the record we do not decide whether section 240 applies to a householder such as this defendant.
The order appealed from should be reversed and the judgment of Trial Term dismissing the complaint reinstated, with costs in this court and in the Appellate Division.
Fuld, Van Voorhis and Burke, JJ., concur with Dye, J.; Conway, Ch. J., Desmond and Froessel, JJ., dissent and vote to affirm, with costs, and to direct judgment in favor of plaintiff on the stipulation, with the following memorandum:
Defendant, employing plaintiff to paint defendant’s house, was, under section 240 of the Labor Law, absolutely liable for any injury to plaintiff resulting from the furnishing by defendant to plaintiff of an unsafe ladder. It is conceded that defendant did furnish the ladder, a defective rung of which caused plaintiff’s injury. Thus, it was most serious and prejudicial error, properly excepted to, for the trial court repeatedly to charge the jury that defendant would be liable under section 240 of the Labor Law (sufra) only if defendant actually supervised the doing of the work. There is no such requirement in the statute and the word ‘ ‘ directing ’ ’ in the first sentence thereof means not supervision but procuring another to do the work (see Iacono v. Frank & Frank Contr. Co., 259 N. Y. 377, 382). The fact that plaintiff cut a piece from the ladder furnished by defendant has nothing whatever to do with the case since that cutting was in no sense the cause of or related to the accident.
Order reversed, etc.