Arthur Wachtel, J.
This case was submitted to the jury after the court reserved decision upon motion of defendants for a directed verdict. The jury disagreed. The motions were renewed and denied without prejudice, and the case set for retrial. The motions for a directed verdict are now renewed pursuant to section 457-a of the Civil Practice Act.
The facts are that the plaintiff, an employee of the third-party defendant, Charles F. Zweifel & Co., the electrical subcontractor, was injured when planking of the scaffold on which he was standing broke in the course of his work. This scaffold was located in an enclosed area under a bridge in the New England Thruway construction site. It had been built and erected by another subcontractor, Mellwood Construction Corporation, the concrete subcontractor, for the use of its employees. The plaintiff sued the general contractor, Fehlhaber Corporation, and Mellwood Construction Corporation. Fehlhaber, in turn, cross-claimed against Mellwood, upon the latter’s indemnity agree-' ment, and brought a third-party action against Charles F. Zweifel & Co., Inc. (plaintiff’s employer), upon its indemnity agreement.
*185 Plaintiff’s case against Fehlhaber, the general contractor, rests on three grounds: (1) violation of section 240 of the Labor Law; (2) violation of section 200 of the Labor Law; and (3) common-law negligence.
As a general rule, the general contractor is not responsible for the negligent acts of his subcontractors. The fact that he retains some limited power of general supervision for the purpose of seeing that the work is being properly done by the subcontractors, according to the plans and specifications, does not make him liable for their independent negligent acts. (Moore v. Charles T. Wills, Inc., 250 N. Y. 426, 428, 429.)
The general contractor, however, under common law and under section 200 of the Labor Law, which is largely declaratory of the common law, has a duty to provide all employees (including those of subcontractors) a safe place to work. Section 200 provides that “ All places [within the area of the construction contract] shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein ”. The scope of this duty has been limited to the places of work provided for by the general contractor and the ‘1 ways and approaches ” as distinguished from equipment and appliances, such as ladders and scaffolds, supplied by a subcontractor (Iacono v. Frank & Frank Contr. Co., 259 N. Y. 377, 381) and forming “ no part of the employer’s plant.” Thus, if this were merely a case of the Mellwood’s scaffold being used by plaintiff, without other circumstances, then there could be no liability as to the general contractor. (See Butler v. Townsend, 126 N. Y. 105; Butler v. D. M. W. Contr. Co., 286 App. Div. 828, affd. 309 N. Y. 990.) However, the peculiar circumstances in this case raise the question whether the scaffold in this case was a “way and approach” within the meaning of the Casper sen [253 N. Y. 491], Iacono and Butler cases. For there was no other way for plaintiff to get to the place where he had to “ measure up the holes to be drilled ’ ’ under the ceiling, in the course of his employment, except by climbing down the ladder in the enclosure under the bridge and then proceeding across the scaffold.
However, even if this case might, under such interpretation come within the ambit of common-law negligence or section 200, yet under either theory, notice either actual or constructive of the alleged dangerous condition must be proved. (Dittiger v. Isal Realty Corp., 264 App. Div. 279, 281-282, revd. on other grounds 290 N. Y. 492; see, also, Zinsenheim v. Congregation Beth David, 10 A D 2d 501; Zaulich v. Thompkins Sq. Holding Co., 10 A D 2d 492, 496.) There has been no sufficient evidence *186 of notice actual or constructive to Fehlhaber of the alleged defective planting. Accordingly, verdict should be directed in favor of Fehlhaber in respect of section 200 of the Labor Law and common-law negligence.
In respect of section 240 of the Labor Law, there must be proof of “ direction ” to work. At most, the proof adduced constitutes, if at all, permission to use. But mere permission to use, without more, is not sufficient to constitute 1 ‘ direction ’ ’ to work to satisfy the requirement of the statute. (Glass v. GensJarboe, 280 App. Div. 378, affid. 306 N. Y. 786.) Nor is the “ retention of the limited power of general supervision ” of the work by an owner or a general contractor sufficient to constitute “ direction (Blackwood v. Chemical Corn Exch. Bank, 4 A D 2d 656, motion for leave to appeal dismissed 4 N Y 2d 802.) The cases require ‘1 supervision relative to the manner or method of performance of the work to be done ” (Blackwood v. Chemical Corn Exch. Bank, supra), instruction, or specific orders and direction to do the work or use the scaffold in question (Gambella v. Johnson & Sons, 285 App. Div. 580, 581-582; Olsommer v. Walker & Sons, 4 A D 2d 424; and, see, the able discussion of the law by Judge Brenner in Cole v. Long Is. Light. Co., 24 Misc 2d 221). The proof fails to provide any sufficient evidence of “ direction ” to work on or use the scaffold in question. Hence, the plaintiff’s case must fail also in respect of section 240.
Accordingly, the motion of defendant Fehlhaber for directed verdict in its favor must be granted.
Since judgment must be directed for defendant Fehlhaber, dismissal of its cross claim against Mellwood, and its third-party action against Zweifel follows accordingly, and the motion of Zweifel for a directed verdict is also granted.
This leaves the case of plaintiff against Mellwood. This case is controlled by the law as set forth in Cohen v. Josam Constr. Corp., decided November 29, 1962 by the Appellate Division, First Department (17 A D 2d 253), and the cases there cited, Huston v. Dobson (138 App. Div. 810); McGlone v. William Angus, Inc. (248 N. Y. 197); and, see, Quigley v. Thatcher (207 N. Y. 66). As stated by Mr. Justice Stevens (pp. 254-255): “ Plaintiff can succeed only if he can show either that he was invited to use the scaffold, or that the defendant, in the exercise of reasonable care, might reasonably have anticipated its use by plaintiff or employees of other contractors or subcontractors on the job.”
The reasons which impelled the majority to affirm the dismissal of the complaint (against the strong dissent of Judge Babin, concurred in by Presiding Jnstice Botein) namely, that *187 the defendant had suspended work five days before plaintiff used its scaffold, and that plaintiff’s work ordinarily would have required the use of ladders, and not the scaffold, and there was no proof of any express invitation to use the scaffold, are not applicable to the case at bar. There was sufficient evidence for the jury’s determination as to Mellwood’s liability. There was a direct conflict in the testimony as to whether Masiello, the general superintendent of Mellwood, gave an express invitation to the employees of Zweifel to work on the scaffold. Bendel, a fellow-employee of plaintiff, testified he did; Masiello denied this, and further testified that he told the general contractor to notify its other subcontractors not to use it. However, this raised a question of fact. Furthermore, it appears that both Mellwood and Zweifel were still on the job, and there was at least a question of fact as to whether Mellwood, in the exercise of reasonable care might reasonably have anticipated its use by plaintiff or employees of Zweifel. Accordingly, the motion of Mellwood for a directed verdict is denied.
There remains, finally, the third-party complaint of Mellwood vs. Zweifel. The evidence limits this claim to two possible theories: first, the theory of the main plaintiff is that Mellwood invited the employees of Zweifel to use Mellwood’s scaffold (as in the case of Huston v. Dobson, supra); second, Mellwood’s theory is that it never invited Zweifel’s employees to use its scaffold. If this is found as a fact, then Mellwood would not be liable at all, unless it can be found that despite this, Mellwood might reasonably have anticipated the use of the scaffold by plaintiff. (See McGlone v. Angus, supra.) In either case, Mellwood’s right to claim over would depend on whether its negligence was passive or active, for if it is active, its third-party complaint must fail. And if it is not liable at all, then of course, its third-party claim would ipso facto fall.
However, the determination of these issues should await the verdict of the jury upon the new trial. Accordingly, the motion of Zweifel to dismiss the third-party complaint of Mellwood against Zweifel is denied, without prejudice.