DONALD DESO, Appellant, v. ALBANY LADDER COMPANY, INC., Respondent.

DONALD DESO, Respondent, v. FOSTER-NEWMAN CONTRACTING Co., INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. TONAN CONSTRUCTION CORP., Third-Party Defendant-Appellant.

Third Department, July 12, 1966.

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff, Jr.,* of counsel), for third-party defendant-appellant.

*Ainsworth, Sullivan, Tracy & Knauf (John E. Knauf* of counsel), for defendant-appellant and third-party plaintiff-respondent.

*Connolly, Mirch & Murphy (J. Joseph Murphy* of counsel), for appellant and respondent.

*Hesson, Ford & Grogan (Daniel A. Whalen* of counsel), for respondent.

HERLIHY, J. P. The defendant Foster-Newman Contracting Co., Inc. (hereinafter referred to as Foster) appeals from a judgment against it as does the third-party defendant, Tonan Construction Corp. (hereinafter referred to as Tonan), which also appeals from an order granting judgment over against it.

The plaintiff appeals from so much of the judgment as held that there was "no cause of action" against the defendant, Albany Ladder Company, Inc. (hereinafter referred to as Albany Ladder). Both Foster and Tonan argue that the plaintiff's complaint against Foster should have been dismissed as a matter of law at the end of the entire case.

The plaintiff sued asserting causes of action based on common-law negligence and violations of section 240 of the Labor Law.

The plaintiff was an employee of Tonan at the time of the accident. Tonan was a subcontractor of Foster at the State Campus in the City of Albany and at the time of the accident plaintiff was constructing forms for a foundation wall. The accident occurred when a plank on a scaffold broke and plaintiff fell some 16 feet to the ground, sustaining personal injuries.

The jury has found that the plank was faulty and no one questions such finding on this appeal.

The defendant, Albany Ladder, introduced testimony showing that according to its records Foster rented 100 planks and these planks were delivered to the site of plaintiff's employment. The delivery invoice was signed by one "Cardinal". This invoice also states that the delivery was to the attention of "Tony Antonucci", who was the president of defendant Tonan. The treasurer of Albany Ladder testified that the invoice was paid by Foster.

The president of Tonan testified that Tonan ordered and rented the defective plank from Albany Ladder and that Foster's name appeared on the Albany Ladder invoice because of an oral agreement between Foster and Tonan that Foster would pay all of Tonan's suppliers and deduct such payment from the amount due Tonan under its contract and that Foster did pay for the plank in question. He further testified that Mr. Cardinal, who signed the Albany Ladder invoice, was his foreman on the job site and that the defendant Foster told Tonan when and where to perform the work required by the subcontract.

The written contract between Foster and Tonan was introduced in evidence, the terms of which, *inter alia*, required that Tonan supply all necessary materials for formwork.

The plaintiff's testimony shows that he received his orders from Tonan on the day of the accident and during this employment by Tonan.

Section 240 of the Labor Law provides in subdivision one: "A person *employing* or *directing* another to perform labor of any kind in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, *scaffolding* * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed." (Emphasis added.)

This record establishes that the plaintiff was not employed by Foster and further, there is no proof that Foster directed the plaintiff to use the allegedly defective plank. The most that could be found was that Foster supplied the plank to Tonan. In the absence of any proof that Foster was obligated to supply the plank to the plaintiff or otherwise directed him in the performance of his work there can be no liability under section 240 of the Labor Law (*Galbraith* v. *Pike & Son*, 18 A D 2d 39, 44). The mere direction to Tonan as to when and where to make

forms is insufficient to show direction or control under this statute.

In the relationship of general contractor and subcontractor there must, of necessity, be some association in accomplishing the over-all purpose of completing the entire project of the general contractor. The contractor must be the overseer of the work in general but that is not what the statute contemplates when using the words '' employing or directing another to perform labor ''. While section 240 is to be liberally construed, that does not mean that it should be implemented by decisional law so as to establish a cause of action and a right of recovery not contemplated by the Legislature. When an alleged wrong is not within this section, there is still available the remedy of common-law negligence. (See *Mulligan* v. *Cauldwell-Wingate Co.*, 18 A D 2d 887; *Grant* v. *Rochester Gas & Elec. Corp.*, 20 A D 2d 48, 50; *Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377, 381; *Kluttz* v. *Citron*, 2 N Y 2d 379, 383; *Olsommer* v. *Walker & Sons*, 4 N Y 2d 793.)

Accordingly, the cause of action based on a violation of section 240 of the Labor Law should have been dismissed upon the motion of Foster at the conclusion of the proof and renewed as an exception to the charge of the trial court prior to submission to the jury.

In the present instance, we cannot determine whether or not the verdict of the jury was premised on liability under the Labor Law and thus, the judgment cannot be affirmed.

We strongly recommend that in the trial of actions which permit a recovery based upon different theories of liability, the jury be instructed to answer special questions submitted to it so that the court may be advised of the theory of liability upon which the verdict is predicated. (See *Sharick* v. *Marvin*, 1 A D 2d 284; *Finkle* v. *Zimmerman*, 26 A D 2d 179, 181, decided herewith.)

There was sufficient evidence to make out a case of common-law negligence against Foster. The jury could have found that the plank was in fact purchased by Foster for Tonan's use. The driver for Albany Ladder testified that the foreman who supervised the unloading of the planks was not the Mr. Cardinal who signed the invoice and thus the jury could have found that delivery was made to Foster. Further, upon finding that delivery was made to Foster, they could have found that Foster's employees handled the planks and therefore, that Foster knew or should have known that one of the planks had an obvious defect in the form of a knot. (See *Galbraith* v. *Pike & Son, supra.*)

186

The jury rendered a general verdict against Foster. In the absence of special findings by the jury, which would have been especially appropriate in a case of this character, it is impossible to determine upon which of the two theories submitted the verdict was predicated. Since it cannot be sustained upon both theories, the judgment against Foster must be reversed and a new trial directed.

In regard to Albany Ladder, the trial court found sufficient proof of liability to let the matter go to the jury and in the interest of justice we determine that the judgment of no cause of action should be reversed and a new trial directed.

Judgments and order should be reversed, on the law and the facts, and a new trial directed.

REYNOLDS, TAYLOR, AULISI and STALEY, JR., JJ., concur.

Judgments and order reversed, on the law and the facts, without costs, and a new trial ordered.