■ JOSEPH V. NUCCI, by His Guardian, LINDA NUCCI, et al., Respondents, v GILBERT P. PROPER et al., Appellants. (Appeal No. 1.) [705 NYS2d 144] —Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: Supreme Court erred in granting plaintiffs' motion to set aside the jury verdict of no cause of action and ordering a new trial. This medical malpractice action arises from the alleged failure of an anesthesiologist to monitor the condition of his patient, Joseph V. Nucci (plaintiff), following surgery. The alleged negligence of defendant Rochester General Hospital is derivative only. Plaintiff stopped breathing when he was extubated in the operating room. Plaintiffs contend that plaintiff's condition went unnoticed for several minutes, causing irreversible brain damage. Defendants contend that plaintiff was treated immediately but that his heart went into electromechanical disassociation, which resulted in the injury.

During trial, the court excluded testimony by plaintiffs' relative concerning a conversation with a 17-year-old anesthesia technician intern two days after the incident. In that conversation, the intern allegedly stated that "nobody was paying attention" to plaintiff while he was in respiratory distress. The testimony was proffered by plaintiffs as evidence-in-chief pursuant to *Vincent v Thompson* (50 AD2d 211, 223-225) after the intern testified for plaintiffs. The court ruled that "out of court oral statements of a witness may not be introduced as evidence in chief". On plaintiffs' subsequent motion to set aside the verdict, the court determined that it had ruled in error and ordered a new trial.

The court's initial ruling concerning the inadmissibility of the intern's prior statement was proper. That statement was inadmissible because it was not "made in a writing subscribed by [the intern] or * * * made under oath" (CPLR 4514; *see, Letendre v Hartford Acc. & Indem. Co.*, 21 NY2d 518; *Campbell v City of Elmira*, 198 AD2d 736, 738, *affd* 84 NY2d 505; *see also,* Fed Rules Evid, rule 801 [d] [1] [A]; Proposed NY Code of Evidence § 803 [a] [1] [1991]). In *Letendre*, the Court determined that a prior inconsistent statement in the required statutory form was admissible as evidence-in-chief because the "[d]eclarant himself was present in court, subject to the oath and the safeguard of cross-examination" (*Letendre v Hartford Acc. & Indem. Co., supra*, at 524). In *Campbell*, the prior inconsistent statement was sworn testimony and was admissible as evidence-in-chief. Although the prior inconsistent statement found admissible in *Vincent* was an unsworn oral statement, the only objection to it was on hearsay grounds, and, since *Vincent*, the Second Department has stated that a "witness's prior oral statements * * * are admissible for the sole purpose of impeaching his credibility" (*Noskewicz v City of New York*, 155 AD2d 646, 647).

We further note that the intern's statement that "nobody was paying attention" is conclusory and thus not admissible. Generally, witnesses may only testify concerning "facts and not to their opinions and conclusions drawn from the facts" (Prince, Richardson on Evidence § 7-101, at 443 [Farrell 11th ed]).

Finally, we reject plaintiffs' contention that the verdict is against the weight of the evidence (*see generally, Nicastro v Park*, 113 AD2d 129, 134-135). (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Set Aside Verdict.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.