(December 9, 2003)

■ Thomas M. Sheehan, Respondent, v Alice Gong et al., Appellants. [769 NYS2d 507]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 11, 2003, which, to the extent appealed from, denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In 1990, defendant Alice Gong purchased a house on Olmstead Avenue in the Bronx. At the time she purchased it, the two-story house was classified as a three-family home, with one apartment on the first floor and two on the second floor. Prior to 1998, the house was occupied by three families: Gong's parents, who lived in the apartment on the first floor; Gong, her husband (defendant Dean Dariano) and their children, all of whom occupied one of the two apartments on the second floor; and another family who rented the other apartment on the second floor pursuant to a month-to-month oral lease. In 1998, the rental tenants vacated their apartment on the second floor, and defendants did not relet the apartment. Sometime in 1999, defendants began work to convert the second floor from two apartments to one large apartment for their own use.

Although defendants performed much of the renovation themselves, they hired plaintiff to perform the sheetrock taping work. It was agreed that plaintiff, who was employed full time elsewhere, would do the work in his free time, as his schedule permitted. He was given keys to the building to allow him to come and go as he could. Plaintiff brought his own hand tools as well as a wooden, three- or four-foot stepladder.

On July 30, 2000, while working on defendants' renovations, plaintiff allegedly climbed a three-rung aluminum folding ladder that was at the work site. The ladder collapsed and plaintiff fell and broke his wrist.

Plaintiff brought this action alleging that defendants are liable for his injuries under common-law negligence, as well as under Labor Law § 200, § 240 (1) and § 241. Following discovery, defendants moved for summary judgment contending that their building came within the exemption provided by section 240 (1) and section 241 for one- and two-family buildings and that there

was no evidence to support a negligence cause of action under either the common law or Labor Law § 200. Supreme Court denied the motion, finding that there were issues of fact as to whether the section 240 (1) and section 241 exemption applied to defendants' building and whether defendants provided the ladder from which plaintiff fell.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Once that initial burden has been satisfied, the burden of production shifts to the party opposing the motion to produce sufficient evidence, also in admissible form, of the existence of a material issue of fact requiring a trial of the action (*id.*; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court's role, in passing on a motion for summary judgment, is solely to determine if any triable issues exist, not to determine the merits of any such issues (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). If there is any doubt as to the existence of a triable issue, the motion should be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]; *Stone v Goodson*, 8 NY2d 8 [1960]).

To the extent pertinent to the present case, Labor Law § 240 (1) requires owners of buildings who contract for, among other things, the construction, demolition, repair, alteration or painting of their buildings, to provide various equipment, including ladders and scaffolding, which are constructed, placed and operated so as to protect workers from injury. Similarly, section 241 of the Labor Law requires owners of buildings to take certain specified measures to safeguard workers from injury. Failure to comply with the statutory requirements of either of these sections subjects building owners to strict liability for damages for injuries incurred by workers as a result of such failure (*see e.g. Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985], *rearg denied* 65 NY2d 1054 [1985]; *Melo v Consolidated Edison Co. of N.Y.*, 246 AD2d 459 [1998], *affd* 92 NY2d 909 [1998]). However, "owners of one- and two-family dwellings who contract for but do not direct or control" the work are exempt from the strict liability imposed by both provisions of the statute (Labor Law § 240 [1]; § 241).

The statutory exemptions in section 240 (1) and section 241 of the Labor Law are intended to make the law more nearly reflect the practical realities of the ability of small homeowners to insure against the responsibilities imposed by those provisions (*see Cannon v Putnam*, 76 NY2d 644, 649 [1990]). Similar

practicalities are reflected in the Court of Appeals' determination that "whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (*Khela v Neiger*, 85 NY2d 333, 337 [1995]; *see also Cannon v Putnam*, 76 NY2d 644, 650 [1990]; *Small v Gutleber*, 299 AD2d 536, 537 [2002]).

The unrefuted evidence in this case establishes that the statutory exemption is available to defendants. At the time of the accident, there were no renters in the building, the only people living in the building were defendant Gong's parents on the first floor and defendants and their children on the second floor, and the work performed by plaintiff when he was injured was part of the process of converting the two second-floor apartments into one and thus transforming the building from a three- to a two-family dwelling. Fifteen-year-old tax-assessment records, which still listed the building as a three-family house at the time of the accident, are not relevant in determining the purpose of the work in which plaintiff was engaged. Nor is the fact that the renovation work was not completed until after the accident occurred, as it is the aim of the work that governs whether the building in question fits within the first prong of the statutory exemption, not the time at which the work is completed.

The second prong of the exemption—that defendants did not direct or control plaintiff's work—is amply satisfied by the uncontested evidence in the record. Defendants provided plaintiff with a set of keys so that he could come and go as his own schedule permitted, plaintiff used his own tools—including his own ladder—in performing his work, and defendants relied on plaintiff's expertise to perform work that they were not able to do themselves. There is no countervailing evidence to suggest that defendants exercised any supervision or control over plaintiff's work, and defendants are thus eligible for the statutory exemption (*see e.g. Kluttz v Citron*, 2 NY2d 379 [1957]).

Because the purpose of the construction work in which plaintiff was engaged was to convert the building to a two-family dwelling and because the unrebutted evidence establishes that defendants did not direct or control plaintiff's work, defendants are exempt from liability under Labor Law § 240 (1) and § 241. Consequently, defendants' motion for summary judgment dismissing plaintiff's causes of action brought pursuant to those provisions of the Labor Law should have been granted.

Defendants were also entitled to summary judgment on plaintiff's common-law negligence and Labor Law § 200 causes of action. Section 200 of the Labor Law, which imposes a gen-

eral duty to protect the health and safety of workers, is a codification of the common-law duty imposed upon property owners to provide a safe place to work (*see Jurgens v Whiteface Resort,* 293 AD2d 924 [2002]). However, a landowner will not be liable under section 200 or under common-law negligence principles for injuries sustained by workers on the property in the absence of evidence that the landowner exercised supervision or control over the work or had notice of the existence of a dangerous condition (*see e.g. Rosenberg v Eternal Mems.,* 291 AD2d 391 [2002]). As discussed above, the evidence establishes that defendants did not exercise supervision or control over plaintiff's work on the premises. In addition, although there is conflicting evidence as to whether the ladder from which plaintiff fell belonged to defendants and whether the ladder was defective, there is no evidence that defendants provided plaintiff with the defective ladder. In fact, defendants had reason to believe that plaintiff would use his own ladder, not one belonging to defendants. The fact that the ladder, which caused plaintiff's injury, may have been located at the work site is insufficient to establish liability under common-law negligence or Labor Law § 200. Thus, summary judgment should also have been granted to defendants on plaintiff's section 200 and common-law negligence causes of action. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.