■ CHRISTOPHER HOSLER, Appellant, v NORTHERN EAGLE BEVERAGES, INC., Defendant, and BARBARA L. ALBERT, Respondent. [790 NYS2d 341]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered December 2, 2003. The order granted the motion of defendant Barbara L. Albert for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of Barbara L. Albert (defendant) seeking summary judgment dismissing the complaint against her. Plaintiff commenced this action asserting causes of action for common-law negligence and the violation of Labor Law §§ 200, 240 (1) and § 241 (6) arising from injuries he sustained when he fell to the ground while stepping from a ladder onto the roof of defendant's garage. Plaintiff fell while installing a satellite television dish on the roof of the garage of defendant's residence. Defendant and her brother resided in the house, and the satellite television dish was for the use of defendant's tenant, who resided in an apartment over the attached garage. Although defendant's brother paid rent to defendant, the house was "structurally a single-family residence," and defendant's brother did not have "separate living quarters" (*Rivera v Revzin*, 163 AD2d 896, 897 [1990], *lv denied* 79 NY2d 760 [1992]). Thus, contrary to plaintiff's contention, defendant's house constitutes a single-family dwelling, and the apartment over the attached garage renders the house a two-family dwelling (*see generally Sheehan v Gong*, 2 AD3d 166, 168-169 [2003]). The televisions in both the house and the apartment utilized one satellite television dish prior to the installation of the second one, and we therefore further conclude that plaintiff was engaged in an activity that "directly relates to the residential use of the home" (*Bartoo v Buell*, 87 NY2d 362, 368 [1996]). Thus, "even if the work also serves a commercial purpose, [defendant nevertheless] is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*id.*).

Furthermore, the court properly granted that part of defendant's motion with respect to the common-law negligence cause

of action and the Labor Law § 200 claim. It is undisputed that defendant neither supervised nor controlled plaintiff's work, and defendant established as a matter of law that plaintiff's injuries were not caused by a dangerous condition on her premises, i.e., snow and ice (*see Sheehan*, 2 AD3d at 170; *Millson v Arnot Realty Corp.*, 266 AD2d 918, 919 [1999]; *see also Bilinski v Bank of Richmondville*, 12 AD3d 911 [2004]). Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.