DEBORAH ANN MEDBURY, as Administratrix of the Estate of DENNIS BRIAN MEDBURY, Deceased, Respondent, v SONWIL DISTRIBUTION CENTER, INC., Appellant, et al., Defendants. [797 NYS2d 681]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered October 1, 2004. The order denied the motion of defendant Sonwil Distribution Center, Inc.

for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claims against defendant Sonwil Distribution Center, Inc. are dismissed.

Memorandum: Supreme Court erred in denying the motion of defendant Sonwil Distribution Center, Inc. (Sonwil) for summary judgment dismissing the complaint and cross claims against it. Sonwil established as a matter of law that it is not liable for the death of plaintiff's decedent either under Labor Law § 200 or common-law negligence. As the court properly determined, Sonwil met its initial burden on the motion by establishing that it did not have the authority to supervise or control decedent's work and that decedent's death was not caused by a dangerous condition on Sonwil's premises (*see Hosler v Northern Eagle Beverages*, 15 AD3d 925, 926-927 [2005]; *Davis v Manitou Constr. Co.*, 299 AD2d 927, 928 [2002]). Contrary to plaintiff's contention, Sonwil's submission of deposition testimony wherein a witness was examined with respect to a prior inconsistent statement that the warehouse floors were "smooth and sealed to make them slippery" did not defeat Sonwil's entitlement to summary judgment dismissing the complaint. The witness testified at his deposition that the floor was not in fact slippery, and his prior inconsistent statement is not admissible for its truth or, indeed, for impeachment purposes, because it was not set forth in a sworn statement or sworn testimony (*see generally* CPLR 4514; *Nucci v Proper*, 270 AD2d 816, 817 [2000], *affd* 95 NY2d 597 [2001]).

We conclude, however, that the court erred in further determining that plaintiff raised issues of fact to defeat the motion. As Sonwil correctly notes, plaintiff relied upon unsworn memoranda that did not constitute evidence in admissible form, and she offered no excuse for her failure to present them in admissible form (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The documents that were submitted in admissible form fail to raise a triable issue of fact whether Sonwil had the authority to supervise or control decedent's work or whether there was a dangerous condition on Sonwil's premises. Specifically, plaintiff failed to raise an issue of fact whether the floor at the time of the accident was slippery. Contrary to the contention of plaintiff, she is not entitled to rely on the *Noseworthy* doctrine because she failed to make any "showing of facts from which negligence can be inferred" (*Pierson v*

*Dayton*, 168 AD2d 173, 175 [1991]; *see Noseworthy v City of New York*, 298 NY 76, 80-81 [1948]; *Barile v Carroll*, 280 AD2d 988 [2001]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.