■ HUGH LEE et al., Appellants, v LEWISTON CONSTRUCTION CORPORATION et al., Respondents and Third-Party Plaintiffs. TARGET GROUP OF CENTRAL NEW YORK, INC., Third-Party Defendant-Respondent. [803 NYS2d 831]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered June 3, 2004 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying defendants' motion in part and reinstating the Labor Law § 241 (6) claim insofar as it is based on the alleged violations of 12 NYCRR 23-1.8 (c) (4) and 23-1.9 (d) and reinstating the derivative cause of action and by denying the motion of third-party defendant and the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Hugh Lee (plaintiff) when his hand came into contact with coal tar pitch on the surface of a roof that he was replacing. We agree with plaintiffs that Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing the claim pursuant to Labor Law § 241 (6) insofar as it is based on the alleged violations of 12 NYCRR 23-1.8 (c) (4) and 23-1.9 (d), and we therefore modify the order accordingly. Contrary to defendants' contention, we conclude that there are issues of fact concerning the applicability of those regulations to this case.

Pursuant to 12 NYCRR 23-1.8 (c) (4), "[e]very employee required to use or handle corrosive substances . . . shall be provided with and shall be required to wear appropriate protective apparel . . . ." Pursuant to 12 NYCRR 23-1.9 (d), "[w]ashing facilities, including warm water, soap and individual towels . . . shall be provided for all employees who are required to use or handle corrosive substances, chemicals or any other harmful substances . . . ." Here, it is undisputed that plaintiff's duties included stuffing insulation underneath the existing roof and that no gloves were provided to plaintiff in the performance of his duties. Plaintiff's hand was exposed to coal tar pitch, a corrosive substance, while plaintiff was performing his duties. According to plaintiff, he had sustained a laceration to his right hand, and that hand came in contact with the coal tar pitch. Plaintiffs submitted the affidavit of a physician who asserted that plaintiff's hand became infected due to the fact that coal tar pitch is an irritant that increased the likelihood that the laceration on plaintiff's hand would become infected. We conclude that there are issues of fact whether plaintiff was required to "use or handle" coal tar pitch within the meaning of 12 NYCRR 23-1.8 (c) (4) and, if so, whether defendants violated Labor Law § 241 (6) by failing to provide appropriate protective apparel and washing facilities (see Welsh v Cranesville Block Co., 258 AD2d 759, 760-761 [1999]).

Contrary to plaintiffs' further contention, however, the court properly granted that part of defendants' motion seeking summary judgment dismissing the common-law negligence cause of action and the claim pursuant to Labor Law § 200. Defendants established as a matter of law that they did not exercise any supervision or control over plaintiff's work with respect to the removal of the roof, nor did they have actual or constructive notice of any dangerous condition, and plaintiffs failed to raise an issue of fact (see Fisher v WNY Bus Parts, Inc., 12 AD3d 1138, 1139-1140 [2004]; Giglio v St. Joseph Intercommunity Hosp., 309 AD2d 1266, 1267 [2003], amended on other grounds 2 AD3d 1485 [2003]; see generally Hosler v Northern Eagle Beverages, Inc., 15 AD3d 925, 926-927 [2005]; Sheehan v Gong, 2 AD3d 166, 169-170 [2003]).

Because the court granted defendants' motion seeking summary judgment dismissing the complaint, the court deemed it "unnecessary" to address the motion of third-party defendant, Target Group of Central New York, Inc. (Target), seeking summary judgment dismissing the third-party complaint, nor did the court address the cross motion of defendants-third-party plaintiffs seeking summary judgment on the third-party

complaint. Although the court did not determine the issue whether plaintiff sustained a grave injury within the meaning of Workers' Compensation Law § 11, we nevertheless conclude that summary judgment on the third-party complaint is inappropriate at this juncture because there is an issue of fact whether Target failed to procure the requisite insurance pursuant to its contract with defendants-third-party plaintiffs and thus breached that contract (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111 [2001]).

All concur except Pigott, Jr., P.J., and Smith, J., who dissent in part and vote to affirm in the following memorandum.

Pigott, Jr., P.J., and Smith, J. (dissenting in part). We respectfully dissent in part. It is undisputed that Hugh Lee (plaintiff) scraped the knuckle of his right hand in the process of stuffing insulation underneath the roof and that, as he continued to stuff the insulation underneath the roof, his hand was allegedly exposed to dust from coal tar pitch used on the old roof. Plaintiff sought medical attention the next day because his hand had become infected, and he underwent subsequent surgeries to remove bacteria from his hand.

We disagree with the majority's conclusion that Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing plaintiff's claim pursuant to Labor Law § 241 (6) insofar as it is based on the alleged violations of 12 NYCRR 23-1.8 (c) (4) and 23-1.9 (d). Defendants established that the regulations upon which that claim is based are inapplicable herein, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). 12 NYCRR 23-1.8 (c) (4) is inapplicable herein because the record is devoid of evidence that plaintiff "was required to use or handle [coal tar pitch]" (*Esposito v D'Orsagna*, 240 AD2d 195, 196 [1997], *lv denied* 90 NY2d 809 [1997]). Any claim pursuant to 12 NYCRR 23-1.9 (d) requiring "washing facilities" is wholly dependent upon employees being "required to use or handle corrosive substances, chemicals or other harmful substances," which is not the case here.

We would, therefore, affirm the order granting defendants' motion for summary judgment and dismissing the complaint. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.