■ ROBERT E. NOTARO, Respondent-Appellant, v BISON CONSTRUCTION CORPORATION et al., Appellants-Respondents. [821 NYS2d 715]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered September 12, 2005 in a personal injury action. The order, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint and, insofar as cross-appealed from, denied plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion for summary judgment in part and dismissing the common-law negligence cause of action, the Labor Law § 200 claim and the § 241 (6) claim to the extent that it is based on the alleged violations of 29 CFR 1910.28 (a) (12) and 12 NYCRR 23-5.1 against defendant Bison Construction Corporation and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover

damages for injuries he sustained when he fell from an inverted bucket upon which he had stepped to gain access to a scaffold. Supreme Court properly denied those parts of defendants' motion seeking summary judgment dismissing the complaint against defendants Valmed Pharmaceutical, Inc., also known as V.I.P. Pharmaceutical, Andrx Corporation, formerly known as Andrx Acquisition Corp., and Andrx Pharmaceutical, Inc. The record on appeal contains only the answer of defendant Bison Construction Corporation (Bison), and it does not otherwise appear on the record before us that the remaining defendants submitted their respective answers in support of the motion. That failure requires denial of the motion with respect to those defendants, regardless of its merits (see CPLR 3212 [b]; *Niles v County of Chautauqua*, 285 AD2d 988, 989 [2001]).

The court also properly denied that part of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim against Bison because defendants' own submissions raise an issue of fact whether stepladders "were available at the job site" for plaintiff's use (*Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]).

The court properly denied plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Although plaintiff met his initial burden, defendants raised an issue of fact by submitting the deposition testimony of Bison's on-site supervisor, who testified that stepladders were available for plaintiff's use at the job site (see *Makaj v Metropolitan Transp. Auth.*, 18 AD3d 625, 626 [2005]). Moreover, the court properly denied that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim against Bison to the extent that it is based on the alleged violation of 12 NYCRR 23-5.3 (f) because, as noted, there is an issue of fact whether a stepladder was available to plaintiff at the job site. We agree with defendants, however, that the court erred in denying that part of their motion for summary judgment dismissing the Labor Law § 241 (6) claim against Bison to the extent that it is based on the alleged violations of 29 CFR 1910.28 (a) (12) and 12 NYCRR 23-5.1 (see *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 n [1998]; *Moutray v Baron*, 244 AD2d 618, 619 [1997], *lv denied* 91 NY2d 808 [1998]), and we therefore modify the order accordingly.

We further agree with defendants that the court erred in denying those parts of their motion for summary judgment dismissing the common-law negligence cause of action and the Labor Law § 200 claim against Bison inasmuch as the record establishes that Bison did not supervise or control plaintiff's

work (*see Medbury v Sonwil Distrib. Ctr., Inc.*, 19 AD3d 1111, 1112 [2005]), and we therefore further modify the order accordingly. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.