Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 29, 2012, which, insofar as appealed from, denied defendants’ motion for summary judgment dismissing plaintiffs cause of action under Labor Law § 200 as against defendant Infrastructure Repair Service, LLC (Infrastructure) and the cause of action under Labor Law § 241 (6) as against both defendants, unanimously modified, on the law, to grant defendants’ motion for summary judgment dismissing the cause of action under Labor Law § 241 (6), and otherwise affirmed, without costs.
Plaintiff was injured when he tripped while carrying an uncovered bucket of Monolithic Membrane 6125 EA( a hot rubberized asphalt substance, which splashed out of the container, resulting in significant burns to various body parts. At the time of his accident, plaintiff was employed by nonparty Concrete Repair Services (Concrete) for a renovation project at a facility owned by defendant United Parcel Service of America, Inc. Infrastructure, the general contractor, provided the materials and safety equipment used by Concrete’s workers at the project.
Under these circumstances, the court properly denied defendants’ motion for summary judgment dismissing the Labor Law § 200 claim as against Infrastructure. As the essence of plaintiffs claim is that the safety equipment provided to him was inadequate, and Infrastructure does not dispute that it provided the safety equipment plaintiff used, plaintiff may hold Infrastructure liable under Labor Law § 200 for any negligence in its provision of safety equipment shown to have contributed to his injury.
Plaintiffs Labor Law § 241 (6) claim, however, should have been dismissed. The complaint alleges violations of 12 NYCRR 23-1.7 (h) and 23-1.8 (c), which require adequate protective equipment and apparel for workers using or handling “corrosive substances and chemicals.” In support of their motion for summary judgment, defendants provided expert evidence that these Industrial Code sections are inapplicable here, as the particular substance that injured plaintiff is not considered a corrosive substance or chemical, and plaintiffs opposition to the *544 motion failed to adequately rebut this evidence (cf. Lee v Lewiston Constr. Corp., 23 AD3d 1002, 1003 [4th Dept 2005]; Welsh v Cranesville Block Co., 258 AD2d 759, 760 [3d Dept 1999]).
We have considered defendants’ remaining contentions and find them unavailing.
Concur — Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Feinman, JJ.