# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1390**
**CA 13-01946**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

FREDERICK NEVILLE AND LUCY NEVILLE,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CHAUTAUQUA LAKE CENTRAL SCHOOL DISTRICT,
LPCIMINELLI, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

BROWN & KELLY, LLP, BUFFALO (H. WARD HAMLIN, JR., OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (CHARLES H. COBB OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered February 28, 2013. The order, among other things, denied in part the motion of defendants Chautauqua Lake Central School District and LPCiminelli, Inc., for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendants violated Labor Law § 241 (6) insofar as they failed to comply with 12 NYCRR 23-1.7 (h), requiring that protective equipment be provided to employees using corrosive substances, and regulation 23-1.8 (c) (4), requiring that employees using corrosive substances shall be required to wear appropriate protective apparel. Supreme Court denied that part of the motion of defendants-appellants (defendants) seeking summary judgment dismissing the claim that they violated those regulations. Frederick Neville (plaintiff) was injured when his neck and face were splashed by hot tar while he was placing a 100-pound "keg" of asphalt into the "kettle" (*see Lee v Lewiston Constr. Corp.*, 23 AD3d 1002, 1003; *cf. Flores v Infrastructure Repair Serv. LLC*, 115 AD3d 543, 543-544). At the time he was injured, plaintiff was wearing a plastic face mask connected to a hard hat that covered his face to the chin, two long-sleeved cotton sweatshirts, two pairs of gloves, long pants, and work boots.

We agree with defendants that the court erred in determining that the affidavit of plaintiffs' expert was sufficient to raise an issue of fact to defeat the motion with respect to the above regulations. The expert stated in conclusory terms, without evidence

of a deviation from industry standards (*see Diaz v Downtown Hosp.*, 99 NY2d 542, 544), that the safety equipment and apparel were not appropriate because the face mask was not long enough to prevent hot tar from splashing underneath it and plaintiff was not provided with a fire-proof hood to protect his neck and head.  We nevertheless conclude that plaintiffs raised an issue of fact sufficient to defeat the motion by submitting the deposition testimony of two coworkers (*see generally Zuckerman v City of New York*, 49 NY2d 557, 561).  One coworker explained that he had also worked for other companies and had seen longer face masks used as protection for the task in which plaintiff was engaged.  The other coworker stated that he ordered safety equipment for plaintiff's employer and that he had ordered "hoodies" for employees to wear to cover the head and neck.  It is undisputed that the face mask provided to plaintiff did not prevent the tar from splashing onto plaintiff's face under the mask and that plaintiff was not wearing any protective equipment or protective apparel to protect his neck.

Entered:  January 2, 2015                 Frances E. Cafarell
                                          Clerk of the Court